**William R. ELLIS, Plaintiff,**

v.

**ANR PIPELINE COMPANY, et al., Defendants.**

**Civ. A. No. 90–CV–72035–DT.**

United States District Court, E.D. Michigan, S.D.

Jan. 15, 1991.

**104**

Peter Lyons, Detroit, Mich., for plaintiff.

Thomas M. Malone, Detroit, Mich., for defendants.

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS COUNTS II AND III OF THE COMPLAINT AND GRANTING PLAINTIFF LEAVE TO FILE AMENDED COMPLAINT

ROSEN, District Judge.

Presently before the Court is the Defendants' Motion to Dismiss Counts II and III of the Plaintiff's Complaint. The Court has reviewed the motion, the Defendants' brief in support, and the Plaintiff's response and brief. The Court finds that a hearing and oral argument are not necessary for the Court's determination of this motion and therefore orders its submission on the briefs filed by the parties, pursuant to Local Rule 17($l$)(2).

### FACTS AND BACKGROUND

The specific question raised in the instant motion is whether the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, preempts the Plaintiff's state law causes of action based upon theories of estoppel and fraud allegedly committed by the Defendants.

The Plaintiff was employed by Defendant ANR Pipeline Company from 1966 through his termination by the company in June, 1987. Defendant ANR was acquired in 1986 by Coastal Corporation. After the acquisition, the Plaintiff was given the option of either accepting a transfer to Coastal's Houston, Texas facility or terminating his employment. At that time, under the terms of the Plaintiff's employee benefits plan allegedly then in effect, the Plaintiff would have been entitled to a severance benefit equal to eleven months' salary if he elected to terminate his employment. On two occasions, in January 1987 and March, 1987, the Plaintiff notified ANR in writing that he elected to terminate his employment. The Plaintiff chose this option because, being himself an employee in ANR's personnel department, he was aware that planned amendments to the applicable employee benefits plan would reduce his termination benefits if he elected to quit at a later time.

Apparently in response to these written notices, Defendant Michael Maslyn, ANR's vice president of personnel, allegedly made representations to the Plaintiff that, if he agreed to remain at ANR for an indefinite time, he would be paid severance benefits in accordance with the plan provisions in effect in January and March, 1987 when he later terminated his employment—not the reduced benefits under the plan amendments then under consideration. In reliance on these representations, the Plaintiff continued to work for ANR until June, 1987. In the meantime, the plan was amended in April, 1987, to reduce applicable severance benefits. When the Plaintiff was fired by ANR, in June, 1987, he received only the reduced severance benefits under the plan amendments, and he was told that he was not entitled to the benefits in effect in March, 1987. Thus, due to the amendments, he received only ten weeks' of salary upon termination, as opposed to the eleven *months'* salary he allegedly would have received under the plan provisions in effect in March, 1987.

The Plaintiff brought the instant action to recover the benefits he would have received under the plan provisions allegedly in effect in March, 1987. Count I of the Complaint states an explicit claim for benefits under ERISA's remedial provisions, 29 U.S.C. § 1132(a)(1)(B). In addition, Count II of the Complaint states a claim under state law, based upon a common-law estoppel theory. Because ANR represented that the Plaintiff would be entitled to benefits under the March, 1987 plan provisions, the Plaintiff asserts that it should be estopped to deny that those provisions are applicable to his termination. Third, in Count II, a fraud claim, the Plaintiff argues that the

Defendants falsely represented to him that he would be entitled to the severance benefits in effect in March, 1987 even if he continued to work for ANR for an indefinite period. These representations were made to induce the Plaintiff to continue to work at ANR beyond effective date of the April, 1987 plan amendments. The Plaintiff relied upon these misrepresentations to his apparent detriment in that he continued to work for the company until June, 1987, but received only the reduced severance benefits upon his termination.

DISCUSSION:

The Defendants argue that the Plaintiff's claims in Counts II (estoppel) and III (fraud) of the Complaint are preempted by ERISA and must therefore be dismissed. Very recently, in *Ingersoll–Rand Company v. McClendon,* ——— U.S. ———, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990), the Supreme Court had occasion to consider whether ERISA preempted the plaintiff's state (Texas) common law claim for unlawful termination of his employment. McClendon's claim in that case was that Ingersoll–Rand terminated his employment intentionally to deprive him of benefits that would have otherwise vested under his employee benefits plan.

The Texas Supreme Court had upheld McClendon's claim in the face of Texas case law that ordinarily deems employment relationships "terminable at will." Since the "state has an interest in protecting employees' interests in pension plans," as expressed both in ERISA and the applicable Texas statutes, under Texas law, a plaintiff can recover in a wrongful discharge action if he can establish that "the principal reason for his termination was the employer's desire to avoid contributing to or paying benefits under the employee's pension fund." *McClendon,* 111 S.Ct., at 481 (quotes from *McClendon v. Ingersoll–Rand Co.,* 779 S.W.2d 69, 71 (Tex.1989)).

However, the United States Supreme Court held that McClendon's wrongful discharge action, under Texas common law, was preempted by ERISA's express preemption provision, 29 U.S.C. § 1144(a):[1]

We have no difficulty in concluding that the cause of action which the Texas Supreme Court recognized here—a claim that the employer wrongfully terminated plaintiff primarily because of the employer's desire to avoid contributing to or paying benefits under the employee's pension fund—"relate[s] to" an ERISA-covered plan within the meaning of § 514(a) [29 U.S.C. § 1144(a)], and is therefore pre-empted.

"[W]e have virtually taken it for granted that state laws which are 'specifically designed to affect employee benefit plans' are pre-empted under § 514(a)." *Mackey, supra,* at 829 [108 S.Ct. at 2185] [*Mackey v. Lanier Collection Agency & Service, Inc.,* 486 U.S. 825, 108 S.Ct. 2182, 100 L.Ed.2d 836 (1988) ]. In *Mackey* the statute's express reference to ERISA plans established that it was so designed; consequently, it was preempted. The facts here are slightly different but the principle is the same: The Texas cause of action makes specific reference to, and indeed is premised on, the existence of a pension plan. In the words of the Texas court, the cause of action "allows recovery when the plaintiff proves that the principal reason for his termination was the employer's desire to avoid contributing to or paying benefits under the employee's pension fund." 779 S.W.2d, at 71. Thus, in order to prevail, a plaintiff must plead, and the court must find, that an ERISA plan exists and the employer had a pension-defeating motive in terminating his employment. Because the court's inquiry must be directed to the plan, this judicially created cause of action "relate[s] to" an ERISA plan.

---

1. § 1144. Other laws
    **(a) Supersedure; effective date**
    Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter *relate to any employee benefit plan* described in section 1003(a) of this title and not exempt under section 1003(b) of this title. . . .
    29 U.S.C. § 1144(a) (emphasis added).

McClendon argues that the pension plan is irrelevant to the Texas cause of action because all that is at issue is the employer's improper motive to avoid its pension obligations. The argument misses the point, which is that under the Texas court's analysis there simply is *no* cause of action if there is no plan.

*Id.,* 111 S.Ct. at 483–484 (emphasis in original).

This Court is persuaded that the same reasoning is applicable in the instant case. The Plaintiff's estoppel and fraud causes of action here are both necessarily premised upon the existence of the severance benefits plan in January and March, 1987. Whereas, in *McClendon,* the employer *terminated* McClendon in order to deprive him of benefits under the ERISA plan, the Defendants here persuaded the Plaintiff to continue his employment for the same purpose: *to deprive him of benefits under the ERISA plan.* Just as in *McClendon,* the Plaintiff's estoppel and fraud causes of action "relate to an employee benefit plan" and are therefore preempted by 29 U.S.C. § 1144(a). *See also Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 107 S.Ct. 1549, 1553, 1558, 95 L.Ed.2d 39 (1987) (state law claim for "tortious breach of contract," *as applied to the contractual provisions of an ERISA plan,* is "related to" an ERISA plan and therefore preempted by 29 U.S.C. § 1144(a)).[2]

In *McClendon,* moreover, the Supreme Court further held that, even if McClendon's Texas common law wrongful discharge claim were not expressly precluded by 29 U.S.C. § 1144(a), it would nevertheless be preempted because the sort of retaliatory discharge considered in that case falls within the conduct specifically proscribed by 29 U.S.C. § 1140. In enacting 29 U.S.C. § 1132(a) (ERISA's remedial provision), Congress intended for ERISA to provide the exclusive remedy for such proscribed conduct. *McClendon,* 111 S.Ct., at 485.

The Court is persuaded that this analysis is equally applicable here. In this case, the

conduct alleged in the Complaint underlying the Plaintiff's estoppel and fraud causes of action comes within the ambit of the conduct proscribed by 29 U.S.C. § 1141:

### § 1141. Coercive interference

It shall be unlawful for any person *through the use of fraud* ... to restrain, coerce, intimidate, or attempt to restrain, coerce, or intimidate any participant or beneficiary for the purpose of interfering with or preventing the exercise of any right to which he is or may become entitled under the plan ... Any person who willfully violates this section shall be fined $10,000 or imprisoned for not more than one year, or both.

Although this section is "purely a criminal provision," *West v. Butler,* 621 F.2d 240, 243 (6th Cir.1980), the conduct it proscribes is universally included within the conduct proscribed by 29 U.S.C. § 1140, *Id.,* at 244. 29 U.S.C. § 1132(a) provides the exclusive civil remedy to redress conduct proscribed by § 1140, and any state law cause of action which purports to regulate this conduct is preempted by ERISA. *McClendon,* 111 S.Ct., at 486.

It is clear from this analysis that the Plaintiff in the instant case may not assert his state law estoppel and fraud causes of action for conduct which clearly comes within the ambit of 29 U.S.C. §§ 1132(a) and 1140. It is equally clear, however, that the allegations in Counts II and III of the Complaint, taken in the light most favorable to the Plaintiff, are very likely sufficient to state a cause of action under ERISA's remedial provisions. For this reason, the Court will dismiss Counts II and III of the Complaint, but will grant the Plaintiff leave to amend the Complaint to restate his causes of action properly under ERISA.

CONCLUSION

For these reasons, and the Court being otherwise fully advised in the premises;

NOW THEREFORE;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the De-

---

**2.** For a more complete discussion of this Court's view of the broad scope of ERISA's preemptive

provisions, see *Martin v. General Motors Corp.,* 753 F.Supp. 1337 (E.D.Mich.1991).

fendants' Motion to Dismiss Counts II and III of the Complaint is GRANTED; and

IT IS FURTHER ORDERED, AD-JUDGED, AND DECREED that the Plaintiff is granted leave to amend his Complaint to assert a cause of action under 29 U.S.C. §§ 1132(a) and 1140.